**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RICHARD A. SCHMIDT; DONNA M.
SCHMIDT,
<u>Plaintiffs-Appellants,</u>

No. 98-1579

v.

CARGILL, INCORPORATED,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Harvey II, Senior District Judge.
(CA-97-2532-H)

Submitted: December 8, 1998

Decided: February 12, 1999

Before ERVIN and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Soren P. West, SOREN P. WEST LAW OFFICES, Lancaster, Penn-
sylvania, for Appellants. Robert L. Ferguson, Jr., Ann D. Ware, FER-
GUSON, SCHETELICH & HEFFERNAN, P.A., Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Richard and Donna Schmidt appeal from the district court's order granting summary judgment to Cargill Inc. in their civil action based upon injuries Richard Schmidt sustained when he fell on ice at Cargill's premises. Finding no error, we affirm.

On January 7, 1996, a severe snow storm left over fifteen inches of snow on the ground in Elkton, Maryland. On January 10, 1996, Richard Schmidt ("Schmidt") drove his tank truck from East Earl, Pennsylvania, to Cargill's facilities in Elkton to pick up corn syrup. Schmidt arrived at the Cargill facility at 6:15 p.m. and parked his truck in the loading bay. To complete the necessary paperwork, Schmidt had to walk to an office building connected to the loading bay by a catwalk. Because truckers were not allowed to use the catwalk, Schmidt had to walk across a stretch of pavement that was covered with snow and ice from the recent storm. Using the door on the east side of the loading bay underneath the catwalk, Schmidt made two to three trips from the loading bay to the office without incident. Schmidt stated that while walking to and from the loading bay, he walked slowly and with care to prevent himself from falling. On his last trip to the office, Schmidt used a different route and exited the loading bay through an open bay door rather than the side door. Returning from the office on this route, Schmidt slipped and fell, injuring his back, shoulder, and rotator cuff. Schmidt and his wife filed this civil action, alleging Cargill was negligent for allowing its parking lot to remain icy and slippery. Cargill filed a motion for summary judgment asserting an assumption of risk defense, which the district court granted.

On appeal, Schmidt asserts that the district court erred by granting summary judgment because he did not assume the risk and did not have a safe alternative route. We review a district court's grant of

2

summary judgment de novo. See Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).

To establish an assumption of risk defense under Maryland law, the defendant must show that the plaintiff (1) had knowledge of the risk of danger; (2) appreciated that risk; and (3) voluntarily exposed himself to it. See ADM Partnership v. Martin, 702 A.2d 730, 734 (Md. 1997) (citing Liscombe v. Potomac Edison Co., 495 A.2d 838, 843 (Md. 1985)). Under Maryland law, the assumption of risk doctrine rests upon an intentional and voluntary exposure to a known danger and thus consent on the part of the plaintiff to relieve the defendant of an obligation of conduct toward him and to take his chances from harm from a particular risk. See id.

Schmidt conceded that he was aware of the risk posed by ice and snow on the pavement between the loading bay and the office and that he appreciated that risk. The record discloses that Schmidt successfully traveled the route from the side door of the loading bay to the office several times. When Schmidt's truck was loaded and the loading bay door opened in anticipation of Schmidt's departure, Schmidt left through the loading bay door to go to the office and slipped on this alternative route on his way back to his truck. There is no evidence in the record of coercion or compulsion on Schmidt to take the alternative route. Thus, Schmidt voluntarily assumed the risk of traveling the alternative route from the loading bay door to the office rather than the other route he had traversed safely on several prior trips to the office.

Schmidt next asserts that the district court erred in distinguishing Rountree v. Lerner Dev. Co., 447 A.2d 902 (Md. App. 1982), and Sacks v. Pleasant, 251 A.2d 858 (Md. 1969). We agree with the district court that these cases are distinguishable. Both Rountree and Sacks concern an individual's right to use his own property. In Rountree, plaintiff slipped and fell on ice when exiting her apartment. The court determined that because there was no evidence of a reasonably safe alternative route available to the plaintiff, she did not assume the risk of her injuries. In Sacks, the plaintiff was injured

3

when she fell off of a defective toilet seat in her apartment. The court determined that no alternative was available to Sacks and Sacks was therefore not liable for her injuries. Schmidt had a reasonable alternative route available to him that he successfully navigated several times. Unlike the circumstances in Rountree and Sacks, Schmidt was not compelled to follow the route he took when he fell.

Accordingly, we affirm the district court's order granting summary judgment to Cargill. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4